Dear Mr. Harroun:
You have requested the opinion of this office regarding the following situation:
 Mr. C. L. Brewton, Jr., Director of the Caddo Bossier Civil Defense Agency, has established individual retirement accounts for each employee of the Agency. The Agency contributes an amount equal to fifteen percent of the employee's gross salary into the account for each employee; the employee makes no contribution whatsoever to the account. Neither the Caddo Parish Police Jury nor the Bossier Parish Police Jury has authorized the Director to establish such accounts. The employees of the Agency are participants in the State Group Benefits Program, but the Agency has made no application to join either the Louisiana State Employees' Retirement System or the Parochial Employees' Retirement System.
Given the above, you have asked our opinion in answer to three questions:
 1. May the Director of the Agency legally establish an Independent Retirement Account for each Agency employee, as set forth above?
 2. If so, may the Director legally use Agency funds to pay what is tantamount to both the employee's and employer's contribution into the plan? *Page 2 
 3. Are the employees of the Agency required to participate in one of Louisiana's public retirement systems?
The statutory framework which creates the State Civil Defense Agency and the local organizations for civil defense, such as the Caddo Bossier Agency, is found at LSA-R.S. 29:601 et seq. The policy of and purpose for the creation of the state and local agencies is specifically set forth and defined by LSA-R.S.29:601, which states, in part, as follows:
 "Because of the existing possibility of the occurrence of disasters of unprecedented size and destructiveness resulting from enemy attack, sabotage or other hostile action, or from fire, flood, earthquake, or other natural causes, and in order to insure that preparations of this state will be adequate to deal with such disasters, and generally to provide for the common defense and to protect the public peace, health, and safety, and to preserve the lives and property of the people of the state of Louisiana, it is hereby found and declared to be necessary:
 (1) To create a Louisiana Civil Defense Agency, and to authorize the creation of local organizations for civil defense in the political subdivisions of the state;
 (2) To confer upon the governor and upon the executive heads or governing bodies of the political subdivisions of the state the emergency powers provided in this Chapter;
 (3) To provide for the rendering of mutual aid among the political subdivisions of the state and with other states with respect to the carrying out of the civil defense functions; and
 (4) That statewide and community plans for civil defense be prepared and approved *Page 3 
without further delay."
The particular statutory authority for the establishment of local organizations for civil defense, such as the Caddo Bossier Agency, is LSA-R.S. 29:608. That statute states, in part, as follows:
 "A. The police juries of the various parishes in the state and the governing bodies of every municipality are hereby authorized and directed to establish a local organization for civil defense in accordance with the state civil defense plan and program. Each local organization for civil defense thus created shall have a director who shall be appointed by the state director of civil defense upon recommendation by the governing authority of the parish or municipality establishing a local civil defense organization. The director of the local organization for civil defense shall have direct responsibility for the organization, administration and operation of such local organization for civil defense subject to the direction and control of the local governing body under the general direction and control of the governor and the state civil defense agency. Municipal governing body, as used in this Subsection, means that body which exercises the legislative power of the municipality.
 B. The governing authorities of any two or more parishes may enter into agreements, under which they shall be authorized to establish regional organizations for civil defense in accordance with the state civil defense plan and program. Such agreements shall include plans, program, administration, personnel, unified operation, allotment of available equipment, and distribution of costs and funds in proportion to the population of each parish which is party to the agreement.
 * * * *
 D. The civil defense organizations *Page 4 
authorized by Subsections B and C of this Section when established shall be political subdivisions of the state of Louisiana."
Answering your first question, it is our opinion that while the Director of the Caddo Bossier Civil Defense Agency has the "direct responsibility for the organization, administration and operation" of that agency, such responsibility does not grant him the power or authority to establish individual retirement accounts for each Agency employee. The "organization, administration and operation" of the Agency must be in conformity with and fulfillment of the policies and purposes for which the Agency is created, i.e. to provide for the common defense, to protect the public peace, health, and safety, to preserve the lives and property of the people of the state, and to provide for the rendering of mutual aid among the political subdivisions of the state with respect to the carrying out of the civil defense functions. Establishment of individual retirement accounts for each Agency employee is neither in conformity with nor in promotion of fulfillment of those policies and purposes. In addition, the Director's responsibility for the organization, administration and operation of the Agency is subject to the direction and control of the local governing bodies and neither the Caddo Parish Police Jury nor the Bossier Parish Police Jury has authorized the creation of the individual retirement accounts.
The Louisiana Constitution of 1974, Article VII, Section 14
states, in part, as follows:
 "(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
 * * * *
 (B) Authorized Uses. Nothing in this Section shall prevent . . . (2) contributions of public funds to pension and insurance programs for the benefit of public employees;. . . ."
Article X, Section 29 of the Constitution requires the legislature to enact laws providing for retirement of officials and employees *Page 5 
of the state, its agencies, and its political subdivisions, including persons employed jointly by state and federal agencies (except those in military service), through the establishment of one or more retirement systems.
We feel that the authorization of "contributions of public funds to pension . . . programs for the benefit of public employees" applies only to contributions of public funds to a pension and retirement system created by the legislature pursuant to Article X, Section 29 of the Louisiana Constitution of 1974, Therefore, it is our opinion, in answer to your second question, that the Director may not use Agency funds whatsoever to contribute to an individual retirement account for any Agency employee, such being prohibited by Article VII, Section 14 of the Louisiana Constitution of 1974,
Turning to your third question, there appears to be no "requirement" that employees of the Agency participate in one of Louisiana's public retirement systems. Nevertheless, both the Louisiana Constitution of 1974 (at Article X, Section 29) and LSA-R.S. 29:613B indicate that, as employees of a political subdivision, the Agency's employees may participate in one of the state's public pension systems.
While there appear to be two public retirement systems in which the Agency's employees might participate, the Louisiana State Employees' Retirement System and the Parochial Employees' Retirement System of Louisiana, we feel it inappropriate for this office to determine questions of eligibility for membership in either system. Regarding the Louisiana State Employees' Retirement System, LSA-R.S. 42:552 states as follows:
 "For purposes of determining eligibility for membership in this system, the board of trustees shall determine whether or not the types of agency service performed by employees, elected officials and appointed officials of new agencies are within the scope of the provisions of this chapter."
Similarly, concerning the Parochial Employees' Retirement System of Louisiana, LSA-R.S. 33:6193 states, in part, as follows:
 "The board [of trustees) shall have the following powers and duties in administering the system: *Page 6 
 (1) . . . The board shall have full authority to determine all questions of coverage and qualifications as to participation in and receipt of benefits under the system,
 * * * *
 (20) To carry on generally any other reasonable activities, including, without limitation, the making of administrative decisions on participation and coverage, which are necessary for carrying out the intent of the system in accordance with the provisions of this Chapter."
Therefore, only the respective boards of trustees of the two systems may determine the issue of eligibility for participation and membership in the two systems.
We hope this information will be of assistance to you.
Yours very truly,
 WILLIAM J. GUSTE, JR. Attorney General
 By: WILLIAM C. TOADVIN Assistant Attorney General
WCT:eb
OPINION NUMBER 89-193
May 3, 1989
 92-A-2(e) Retirement — Parochial Employees Art. VII, § 14; Art. X, § 29
Ms. Cheryl Tanner Director of Administration/Treasurer Police Jury cannot St. Tammany Parish Police Jury establish Individual P.O. Box 628 Retirement Accounts for Covington, LA 70434 employees.